RAYMOND G. O'MALLEY v. DROVERS STATE BANK OF SOUTH ST. PAUL.[1]

June 20, 1930.

No. 27,718.

*O'Malley & O'Malley,* for appellant.
*Warren Miller,* for respondent.

DIBELL, J.

Action to recover damages alleged to have been sustained by plaintiff through the transfer of its assets by the Live Stock State Bank, a corporation doing business at South St. Paul, to the defendant, Drovers State Bank of South St. Paul. There was a demurrer upon the ground that the complaint did not state facts

[1]Reported in 231 N. W. 407.

2

sufficient to constitute a cause of action, which was sustained, and the plaintiff appeals. There was a demurrer also for defect of parties defendant.

On March 1, 1923, the Live Stock State Bank was indebted to the plaintiff in the sum of $1,500 for legal services. Judgment therefor was recovered in Ramsey county on January 3, 1929. It was transcripted to Dakota county, execution was issued from Ramsey county to Dakota county, and was returned unsatisfied.

On March 3, 1923, the Live Stock Bank was insolvent. On that day it entered into an agreement with defendant, Drovers Bank, by which it transferred to it all of its assets. The Drovers Bank assumed and agreed to pay all the obligations of the Live Stock Bank as shown by the books at the close of business on February 28, 1923. It agreed to exercise diligence in collection. There were restrictions on settlements and extensions of time of the property transferred; and there were many other provisions proper to such a contract but not necessary to recount here.

The Live Stock Bank agreed to execute and deliver to the Drovers Bank a bond with the Hartford Accident & Indemnity Company as surety in the sum of $100,000 conditioned for the performance of its agreement. The Live Stock Bank had at the time of the contract $5,097.80 in cash, and the value of its whole assets was in excess of $300,000.

The plaintiff claims that this was an assignment prohibited by G. S. 1923 (2 Mason, 1927) § 7682. The trial court said:

"This is not an action for an accounting. It is not an action to set aside a fraudulent conveyance. It is not an action to have the proceeds of any assets applied on plaintiff's claim."

The instrument involved is not an assignment for the benefit of creditors under our statute regulating common law assignments. That statute has no application to state banks in liquidation. G. S. 1923 (2 Mason, 1927) § 7635, et seq. Nor does the bankrupt act furnish a means of liquidating state banks.

What the Live Stock State Bank did was to transfer to the defendant its assets for $300,000. The defendant assumed to pay all

of the depositors; and it agreed to collect the bills and notes receivable and convert the bank's property into cash. The Live Stock State Bank agreed to execute to the Drovers State Bank the surety bond mentioned. The latter bank did not agree to pay the plaintiff's claim, and it was so far as appears unknown. Nothing was done about it for years.

There is nothing to indicate fraud on the part of either bank. It is true, as the complaint alleges, that the assignment was not recorded in Dakota county nor filed with the clerk of the district court; nor did the defendant file a bond or give notice of the assignment, nor did the plaintiff assent to it. None of these things was necessary. The depository creditors assented. The defendant went into possession. It does not appear that it committed a fraud nor that it has assets which should be applied upon the plaintiff's judgment against the Live Stock State Bank. The plaintiff of course should have his money. But we do not see that under the allegation of the complaint the defendant should pay it.

It is uncertain whether the appeal is from the order so far as it relates to defect of parties. In view of the result we reach it may be considered dismissed as to such ground. There are no statutory attorneys' fees.

Order affirmed.